### 20250. PADGETT *v.* THE STATE.

DECIDED MARCH 4, 1930.

*D. E. Griffin, McDonald & McDonald,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. John Padgett, charged with the murder of Lewis Lashley, was convicted of voluntary manslaughter and sentenced

to imprisonment in the penitentiary for not less than one year and not more than a year and five days. The exception here is to the overruling of the motion for a new trial, based solely upon the usual general grounds.

The scene of the killing was near a branch, and only the defendant and the deceased were present. It is unquestioned that the defendant stabbed the deceased near the heart and that the latter died from the wound shortly after it was inflicted. The deceased was a man over six feet tall and weighing more than two hundred pounds. Other than the doctor's testimony that "a boy" came after him (referring to the defendant), there is nothing in the record to show either the age or the size of the defendant.

The defendant made the following statement to the jury: "Lewis Lashley called me a son of a bitch and knocked me down, and when he knocked me down he knocked me about half crazy, and whenever I got up again he said he was going to kill me, and knocked me down again; and when I got up the next time I pulled my knife to keep him off of me, and was swinging it around like that and he run into it. I was sorry I done it, and I run and called the doctor, and he would not go, and I come on back down there and directed the ambulance and the doctor where it was."

A witness for the State testified in part as follows: "He (defendant) said that this Lashley boy cursed him for a son of a bitch and slapped him down, and that he got up and . . Lashley asked him didn't he like that, and that he says, 'no, I don't like it,' and that Lashley cursed him again and slapped him down the second time, and that when he got up he stuck his knife in him."

The jury discredited the defense, and the verdict has the approval of the trial judge. We can not say that the court erred in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*